**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000279
29-APR-2014
09:01 AM**

NO. CAAP-12-0000279

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ROYDEN NABARRO, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DTA-11-03369)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Royden Nabarro, Jr. (Nabarro) appeals from the Notice of Entry of Judgment and/or Order, filed February 29, 2012, in the District Court of the Third Circuit, North and South Hilo Division (district court).[1] After a bench trial, the district court found Nabarro guilty of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawai'i Revised Statutes (HRS) § 291E-62(a) (Supp. 2013).[2]

---

[1] The Honorable Barbara T. Takase presided.

[2] HRS § 291E-62(a) provides:

§291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties. (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or

(continued...)

On appeal, Nabarro contends that (1) the charge was insufficient because Plaintiff-Appellee State of Hawai'i (State) failed to allege the requisite *mens rea*, (2) the district court failed to properly advise Nabarro of his right to testify, (3) the district court erred in admitting the State's Exhibits 1 and 2 into evidence, and (4) there was insufficient evidence to support the conviction.

Upon careful review of the record and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Nabarro's appeal as follows and reverse.

## I. Sufficiency of the Charge

Nabarro did not challenge the sufficiency of the charge in the district court and instead raises this issue for the first time on appeal. Where the appellant alleges a charge is defective for the first time on appeal, an appellate court must "liberally construe the indictment in favor of validity[.]" State v. Motta, 66 Haw. 89, 93, 657 P.2d 1019, 1021 (1983); see also State v. Wells, 78 Hawai'i 373, 894 P.2d 70 (1995). In such circumstances, a conviction will not be vacated "unless the defendant can show prejudice or *that the indictment cannot within reason be construed to charge a crime.*" Motta, 66 Haw. at 91, 657 P.2d at 1020 (emphasis added).

In State v. Apollonio, 130 Hawai'i 353, 358, 311 P.3d 676, 681 (2013), the defendant challenged the sufficiency of a charge for the first time on appeal, asserting that it failed to

_____

[2](...continued)
    otherwise restricted pursuant to this section or to
    part III or section 291E-61 or 291E-61.5, or to part
    VII or part XIV of chapter 286 or section 200-81,
    291-4, 291-4.4, 291-4.5, or 291-7 as those provisions
    were in effect on December 31, 2001, shall operate or
    assume actual physical control of any vehicle:
        (1) In violation of any restrictions placed on
    the person's license;
        (2) While the person's license or privilege to
    operate a vehicle remains suspended or revoked; or
        (3) Without installing an ignition interlock
    device required by this chapter.

2

allege the required *mens rea*. The Hawai'i Supreme Court ruled that, even under the liberal construction standard, because the charge failed to allege the required *mens rea*, the charge "cannot be reasonably construed to state an offense." Id. (citation and internal quotation marks omitted); see also State v. Akitake, 131 Hawai'i 166, 316 P.3d 1277, No. SCWC-29934 (Haw. Jan. 10, 2014) (SDO). The conviction in Apollonio was thus vacated and the case remanded with instructions for the district court to dismiss the case without prejudice. 130 Hawai'i at 363, 311 P.3d at 686.

Similar to Apollonio, the charge in this case was deficient for failing to allege the requisite *mens rea*. Because HRS § 291E-62(a) does not specify a state of mind, HRS § 702-204 (1993) applies and the State was required to prove Nabarro acted intentionally, knowingly, or recklessly as to the elements of the charge. See State v. Vliet, 95 Hawai'i 94, 99, 19 P.3d 42, 47 (2001) (holding that to establish a violation of HRS § 291-4.5 (Supp. 1998), the predecessor to HRS § 291E-62(a), HRS § 702-204 controls and the State must prove the defendant acted intentionally, knowingly or recklessly as to the elements of the charge); see also State v. Davis, No. SCWC-12-0000074, 2014 WL 747422, at *23 (Haw. Feb. 26, 2014) (applying intentional, knowing, or reckless state of mind for an HRS § 291E-62(a) offense).

## II. Sufficiency of the Evidence

Unlike in Apollonio, we must address in this case Nabarro's assertion that there was insufficient evidence adduced at trial to support his conviction. See Davis 2014 WL 747422, at *20. In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the prosecution. State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (block quote format altered) (citation omitted). "We also

3

give full play to the province of the trier of fact to determine credibility, weigh the evidence, and draw rational inferences from the facts." State v. Lioen, 106 Hawaiʻi 123, 130, 102 P.3d 367, 374 (App. 2004).

The alleged offense in this case occurred on October 11, 2011. Nabarro claims the State failed to present any evidence that he was aware that his license had been revoked; that he was aware the revocation was for a conviction as specified in HRS § 291E-62(a); or that he was aware of the dates of the revocation period. He therefore claims the State failed to prove he drove intentionally, knowingly or recklessly in disregard of his license being revoked. The State makes no effort to point to any evidence in the record to address Nabarro's contentions in this regard.

In Davis, similar to this case, the defendant was charged under HRS § 291E-62(a). There, the Hawaiʻi Supreme Court rejected Davis's contention that the evidence was insufficient to show he was aware his license was restricted. Davis 2014 WL 747422, at *23. The court determined that the district court had properly admitted into evidence a Judgment of Conviction and Probation Sentence which indicated Davis had previous relevant convictions, including habitual OVUII, and that a special condition of his probation for those convictions was that Davis was prohibited from operating a motor vehicle throughout the five year probation period (which included the date of his later subject arrest). Davis 2014 WL 747422, at *2, 23. The judgment stated "[t]his judgment has been entered and copies mailed or delivered to all[,]" and the court further noted that under Hawaiʻi Rules of Penal Procedure Rule 43, a defendant is required to be present for sentencing for a felony offense. Davis 2014 WL 747422, at *23. The supreme court thus concluded that there was sufficient evidence to show that Davis had intentionally, knowingly, or recklessly operated a vehicle while his license was revoked. Id.

4

This case is distinguishable from <u>Davis</u>. Our review of the record establishes that there is no evidence that Nabarro was on notice or aware that his license was revoked. At most, there is testimony by the arresting officer that Nabarro stated upon being stopped that he did not have a license, but there is no testimony that Nabarro knew his license had been revoked. The State sought to show that Nabarro's license was revoked by offering State's Exhibit 1 and 2, which were admitted into evidence over the objection of the defense.[3]

The State's Exhibit 1 consists of a Certificate dated February 8, 2012, from the County of Hawaii, Department of Finance, Vehicle Registration & Licensing Division (Certificate), signed by the supervising driver license examiner, as well as four attached pages that indicate they relate to Nabarro's driver's license. Exhibit 1 appears to show that Nabarro did not have a valid driver's license on the date of his arrest -- October 11, 2011 -- and that his driving privileges had been suspended or revoked by the Administrative Driver's License Revocation Office (ADLRO) from March 30, 2011, to September 29, 2012. However, there is nothing in the Certificate or the attached pages that indicates Nabarro was notified or aware of the license suspension or revocation.

Although the pages attached to the Certificate suggest the district court convicted Nabarro of OVUII on May 18, 2011, and reflect a "mailing date" of July 22, 2011, there is no indication what was mailed or to whom. Therefore, even if the district court suspended or revoked Nabarro's license for the May 18, 2011 OVUII conviction, which is unclear in this case,[4]

---

[3] We do not decide whether the State's exhibits were properly admitted into evidence.

[4] The State did not attempt to admit into evidence the May 18, 2011 Judgment for Nabarro's OVUII conviction. For discussion purposes, we take judicial notice of the May 18, 2011 "Judgment and Notice of Entry of Judgment" for Nabarro's OVUII conviction in the District Court of Third Circuit, No. 3DTA-11-00991. <u>See</u> Hawai'i Rules of Evidence Rule 201; <u>State v. Akana</u>, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) (noting the supreme court "has
(continued...)

5

Exhibit 1 does not show that Nabarro was notified of the suspension or revocation.

The State's Exhibit 2 is a document dated February 1, 2012, and entitled "District Court of the Third Circuit State of Hawai'i Judge's Exhibit for Traffic" (Traffic Abstract). This document shows *inter alia* that, for a violation on February 27, 2011, Nabarro was convicted on May 18, 2011, of OVUII under HRS § 291E-61(a). Exhibit 2 also references an administrative proceeding and ADLRO Judgment revoking Nabarro's license from March 30, 2011, to September 29, 2012. However, Exhibit 2 contains no indication that Nabarro was notified or was aware of the revocation.

Thus, even if we consider the State's Exhibits 1 and 2, which were challenged on appeal by Nabarro, the record does not contain substantial evidence that Nabarro was aware or on notice that his license was revoked at the time he was arrested for the offense in this case. Accordingly, there is insufficient evidence to establish that Nabarro intentionally, knowingly, or recklessly operated a vehicle on October 11, 2011, while his driver's license was revoked or suspended.

In sum, therefore, the charge against Nabarro was defective. However, under Davis, we reach Nabarro's contention as to sufficiency of the evidence and conclude that, even assuming the State's Exhibits 1 and 2 were admissible, the evidence was insufficient to support Nabarro's conviction under HRS § 291E-62(a). On this basis, the judgment must be reversed, and we need not address Nabarro's other points of error.

---

[4] (...continued)
validated the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same"). Even assuming that we could consider the May 18, 2011 Judgment, there is no indication in the Judgment that Nabarro's license was suspended or revoked. Rather, it appears from the record in this case that Nabarro's license was administratively revoked by the ADLRO.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order filed February 29, 2012, in the District Court of the Third Circuit, North and South Hilo Division, is reversed.

DATED:  Honolulu, Hawai'i, April 29, 2014.

On the briefs:

James S. Tabe
Deputy Public Defender
Office of the Public Defender
for Defendant-Appellant

Lucas C. Burns
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge